ATTORNEY GENERAL HENRY HAS REQUESTED THAT I RESPOND TO YOUR LETTER INQUIRING IF DELAWARE COUNTY MAY EXPEND FUNDS TO HIRE PERSONNEL TO ENFORCE SOLID WASTE REGULATIONS OR, IN THE ALTERNATIVE, PAY THE COUNTY SHERIFF TO HIRE A DEPUTY TO ENFORCE SUCH REGULATIONS. BECAUSE YOUR INQUIRY NECESSARILY REQUIRES A DETERMINATION OF FACT, AN OFFICIAL OPINION IS NOT AN APPROPRIATE FORM OF RESPONSE SINCE AN OFFICIAL OPINION MAY ONLY ADDRESS QUESTIONS OF LAW. 74 O.S. 18(B).
TITLE 68 O.S. 1370(C) PROVIDES AS FOLLOWS:
 "C. AFTER THE EFFECTIVE DATE OF THIS ACT ANY SALES TAX WHICH MAY BE LEVIED BY A COUNTY SHALL BE DESIGNATED FOR A PARTICULAR PURPOSE. SUCH PURPOSES MAY INCLUDE BUT ARE NOT LIMITED TO GENERAL OPERATIONS, CAPITAL IMPROVEMENTS, COUNTY ROADS OR ANY OTHER PURPOSE DEEMED, BY A MAJORITY VOTE OF THE COUNTY COMMISSIONERS, TO BE NECESSARY TO PROMOTE SAFETY, SECURITY AND THE GENERAL WELL BEING OF THE PEOPLE. THE COUNTY SHALL IDENTIFY THE PURPOSE OF THE SALES TAX WHEN IT IS PRESENTED TO THE VOTERS PURSUANT TO THE PROVISIONS OF SUBSECTION A OF THIS SECTION. THE PROCEEDS OF ANY SALES TAX LEVIED BY A COUNTY SHALL BE DEPOSITED IN THE GENERAL REVENUE FUND OF THE COUNTY AND SHALL BE USED ONLY FOR THE PURPOSE FOR WHICH SUCH SALES TAX WAS DESIGNATED."
(EMPHASIS ADDED.)
ALSO, OKLA. CONST. ARTICLE X, SECTION 19 PROVIDES:
 "EVERY ACT ENACTED BY THE LEGISLATURE, AND EVERY ORDINANCE AND RESOLUTION PASSED BY ANY COUNTY, CITY, TOWN OR MUNICIPAL BOARD OR LOCAL LEGISLATIVE BODY, LEVYING A TAX SHALL SPECIFY DISTINCTLY THE PURPOSE FOR WHICH SAID TAX IS LEVIED, AND NO TAX LEVIED AND COLLECTED FOR ONE PURPOSE SHALL EVER BE DEVOTED TO ANOTHER PURPOSE."
THE QUESTION THEREFORE BECOMES DOES THE EXPENDITURE OF FUNDS FALL WITHIN THE PURPOSES AS ORIGINALLY EXPRESSED TO THE VOTERS? PARTICULARLY IN YOUR SITUATION IS THE EXPENDITURE OF FUNDS FOR ENFORCEMENT WITHIN THE PURPOSE OF ACQUIRING, ESTABLISHMENT AND OPERATION OF SOLID WASTE SERVICES?
IN CITY OF ALVA V. MASON, 300 P.784 (OKL. 1931), THE COURT HELD THAT A BOND ISSUE WITH THE EXPRESSED PURPOSE OF THE ACQUISITION OF A SITE AND CONSTRUCTION OF A NEW HOSPITAL COULD NOT BE SATISFIED BY THE REMODELING OF A HOME AS THE NEW HOSPITAL. THE COURT FOUND THAT THE BALLOT PROVIDED FOR A NEW HOSPITAL AND THAT REMODELING A HOME DID NOT CONSTITUTE A "NEW" FACILITY. THE COURT ALSO HOLDS GENERALLY THAT THE RELEVANT PURPOSES ARE THOSE STATED IN THE BALLOT AND NOT THE RESOLUTION.
CLEARLY, DETERMINATIONS SUCH AS THAT MADE IN THE MASON CASE ARE FACTUAL IN NATURE. IT APPEARS FROM THE RESOLUTION (WHICH I AM ASSUMING IS THE SAME AS THE BALLOT) THAT THE PUBLIC WAS ASKED TO APPROVE THE ACQUISITION, ESTABLISHMENT AND OPERATION OF SOLID WASTE SERVICES. THE WORD SERVICES SEEMS TO IMPLY SOMETHING OTHER THAN A FACILITY BUT RATHER IS A SOLID WASTE SERVICE WHICH HAS BEEN ACQUIRED, ESTABLISHED AND OPERATED BY THE COUNTY.
AS YOU CAN READILY ASCERTAIN, FACTUAL QUESTIONS SUCH AS APPEAR IN THE MASON CASE AND THE SITUATION IN DELAWARE COUNTY ARE ULTIMATELY LEFT TO THE ADJUDICATORY FUNCTIONS OF THE COURT. ANY INTERPRETATIVE QUESTIONS ABOUT THE APPLICATION OF THE LAW TO THE LOCAL FACTS SHOULD BE ADDRESSED, IN THE FIRST INSTANCE, BY THE PRIMARY LEGAL ADVISOR TO THE COUNTY COMMISSIONERS AND THE SHERIFF: NAMELY, THE DISTRICT ATTORNEY. THE ATTORNEY GENERAL CANNOT, AS A MATTER OF LAW, STATE THAT THE PROVISION OF ENFORCEMENT PERSONNEL FALLS WITHIN THE PURPOSE OF THE SALES TAX.
(DOUGLAS B. ALLEN)